

# Fourth Court of Appeals
## San Antonio, Texas

September 19, 2019

No. 04-19-00101-CV

**In re Z.A.F. and Z.R.F.**

From the 131st Judicial District Court, Bexar County, Texas
Trial Court No. 2018PA00277
Honorable Charles E. Montemayor, Judge Presiding

# O R D E R

Sitting:      Sandee Bryan Marion, Chief Justice
                Irene Rios, Justice
                Beth Watkins, Justice

This is an appeal from an order terminating appellant's parental rights to her two children, Z.A.F. and Z.R.F. Appellant's court-appointed counsel filed a brief that met the requirements of *Anders v. California*, 386 U.S. 738 (1967), and a motion to withdraw. On August 19, 2019, we issued an opinion affirming the trial court's termination order and denying counsel's motion to withdraw. *See In re P.M.*, 520 S.W.3d 24, 27 n.7 (Tex. 2016) (holding that counsel appointed in a parental termination case should be permitted to withdraw only for good cause).

On September 5, 2019, counsel filed (1) a motion for extension of time to file motions for rehearing and en banc reconsideration, (2) a motion for rehearing, and (3) a motion for en banc reconsideration. Additionally, on September 6, 2019, counsel filed a first amended motion to withdraw.

The motion requesting an extension of time to file motions for rehearing and en banc reconsideration is GRANTED. *See* TEX. R. APP. P. 49.8. However, the motions for rehearing and en banc reconsideration are HELD IN ABEYANCE.

Counsel's first amended motion to withdraw states that a copy of the motion was sent to appellant. Counsel's first amended motion to withdraw advises appellant of her right to object to the motion. Appellant has not filed an objection to the first amended motion to withdraw. We conclude that counsel's first amended motion to withdraw establishes good cause for counsel to be permitted to withdraw from representing appellant. Accordingly, counsel's first amended motion to withdraw is GRANTED.

Appellant was previously determined to be indigent by the trial court, and therefore, is presumed to remain indigent. *See* TEX. FAM. CODE ANN. § 107.013. Because we have permitted appellant's counsel to withdraw, we must provide for the appointment of new counsel to represent appellant, who may desire to file a petition for review in the Texas Supreme Court. *See In re P.M.*, 520 S.W.3d at 28 ("An appellate court must ordinarily refer the matter of appointment of replacement counsel to the trial court."). Accordingly, we ABATE this appeal. We ORDER the trial court, **on or before September 25, 2019**, to appoint new counsel to represent appellant on appeal and to promptly inform new counsel of the appointment. We further ORDER the trial court clerk, on or before September 27, 2019, to file a supplemental clerk's record containing the trial court's order appointing new counsel. After this supplemental clerk's record is filed, this appeal will be reinstated on this court's docket.

_____
Irene Rios, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 19th day of September, 2019.

_____
Keith E. Hottle,
Clerk of Court